▉ In the Matter of FRANK NARCISO, Respondent, v. CITY OF NEW YORK, Appellant.— In a proceeding pursuant to statute (General Municipal Law, § 50-e, subd. 5) for leave to serve and file a late notice of claim, in which the court, by order dated February 14, 1962, had denied unconditionally such leave, the City of New York appeals from a subsequent order of the Supreme Court, Kings County, dated May 7, 1962, which, upon additional papers: (1) granted the claimant's motion "for leave to reargue" the application; (2) vacated the prior contrary order; and (3) granted claimant leave to serve and file the late notice. Order of May 7, 1962 modified on the law, on the facts and in the exercise of discretion, as follows: (1) by striking out from the first decretal paragraph the provision granting "the motion for leave to reargue;" (2) by substituting therefor a provision granting the claimant's motion for leave to renew; (3) by striking out its second, third and fourth decretal paragraphs granting claimant's application to serve and file the late notice and fixing the date for the service of the notice; and (4) by substituting therefor a paragraph denying such application. As so modified, order affirmed, without costs. Findings of fact implicit in the decision of the Special Term are reversed, and new findings are made as indicated herein. In our opinion claimant has not shown that his failure to serve the notice within the time prescribed by the statute was due to his mental or physical incapacity. Furthermore, the renewed application (misdescribed as a motion for "reargument"), which was made after the

one-year statutory period had expired, cannot be regarded as timely, since upon the original denial of relief leave to renew had not been granted by the court (see General Municipal Law, § 50-e, subd. 5; cf. *Matter of Cohen* v. *City of New York*, 19 A D 2d 722). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.